UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN ARNDT,

        Petitioner,

                              CASE NO. 2:07-CV-12009
v.                              HONORABLE ARTHUR J. TARNOW

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

I.     Introduction

Allen Arndt ("Petitioner"), a Michigan prisoner has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to bank robbery, assault with intent to rob while armed, felon in possession of a firearm, and possession of a firearm during the commission of a felony in the Wayne County Circuit Court in 2005. As part of his plea, Petitioner acknowledged his fourth habitual offender status and agreed to a sentencing guideline range of 135 to 450 months imprisonment. In exchange for the plea, the prosecution dismissed pending bank robbery charges in another case. The trial court subsequently sentenced Petitioner to concurrent terms of 10 to 20 years imprisonment on the bank robbery and assault convictions, a concurrent term of 40 to 60 months imprisonment on the felon in possession conviction, and a consecutive term of two years imprisonment on the felon firearm conviction in accordance with his plea.

In his pleadings, Petitioner raises double jeopardy and sentencing claims. Petitioner has exhausted his claims in the state courts. Respondent contends that Petitioner's double jeopardy claim lacks merit and that his sentencing claim is not cognizable on habeas review.

II.  Discussion

    A.  Standard of Review

Federal law imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." Because the state appellate courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006)

2:07-CV-12009
Page 3 of 9

(quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

    B.    <u>Double Jeopardy Claim</u>

Petitioner first asserts that he is entitled to habeas relief because his convictions for bank robbery and assault with intent to rob while armed violate the Double Jeopardy Clauses of the United States and Michigan Constitutions.

As an initial matter, the Court notes that Petitioner is not entitled to federal habeas relief on any claim that his bank robbery and assault convictions violate the Double Jeopardy Clause of the Michigan Constitution. In reviewing a habeas corpus petition, a federal court is limited to deciding whether a conviction violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Petitioner is thus not entitled to habeas relief on a perceived violation of the Michigan Constitution. The Court will therefore proceed to the federal issue.

The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The Double Jeopardy Clause, applicable to the states through the Due Process Clause of the Fourteenth Amendment, *see Benton v. Maryland*, 395 U.S. 784, 794 (1969), provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711,

717 (1969) (footnotes omitted). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense." *Shiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339 (1975)).

Federal courts determine whether two crimes constitute the same offense for double jeopardy purposes by applying the same-element test originally set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *See United States v. Dixon*, 509 U.S. 688, 696 (1993); *Murr v. United States*, 200 F.3d 895, 900 (6th Cir. 2000). This test "inquires whether each offense contains an element not contained in the other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution." *Dixon*, 509 U.S. at 696; *Blockburger*, 284 U.S. at 304.

> Michigan law defines the crime of bank robbery as follows:
>
> Bank, safe and vault robbery—Any person who, with intent to commit the crime of larceny, or any felony, shall confine, maim, injure or wound, or attempt, or threaten to confine, kill, maim, injure or wound, or shall put in fear any person for the purpose of stealing from any building, bank, safe or other depository of money, bond or other valuables, or shall by intimidation, fear or threats compel, or attempt to compel any person to disclose or surrender the means of opening any building, bank, safe, vault or other depository of money, bonds, or other valuables, or shall attempt to break, burn, blow up or otherwise injure or destroy any safe, vault or other depository of money, bonds or other valuables in any building or place, shall, whether he succeeds or fails in the perpetration of such larceny or felony, be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years.

Mich. Comp. L. § 750.531. "The plain language of the statute requires for its violation, by whatever means accomplished, the larcenous or felonious intent to access a bank, safe, vault, or other depository of money or valuables. In every case the statute does not require that property actually be stolen or that the offender be armed with a weapon." *People v. Ford*, 262 Mich. App.

443, 454-55, 687 N.W.2d 119 (2004) (convictions for armed robbery and bank robbery arising from a single transaction do not violate the prohibition against double jeopardy under the federal or state constitutions); *see also People v. Blunt*, No. 272632, 2007 WL 2549867, *2 (Mich. Ct. App. Sept. 6, 2007) (unpublished case noting that bank robbery does not require use of a weapon). "[T]he bank robbery statute, though it may involve assaultive conduct against a person, has its core and focus on the attempted theft of property from a bank, safe, vault, or other depository. The 'unit of prosecution' under MCL 750.531 is the bank, vault, or safe." *Ford*, 262 Mich. App. at 456.

In contrast, Michigan law defines the crime of assault with intent to rob while armed as follows:

> Assault with intent to rob and steal being armed—Any person, being armed with a dangerous weapon, or any article used or fashioned in a manner to lead a person so assaulted reasonably to believe it to be a dangerous weapon, who shall assault another with intent to rob and steal shall be guilty of a felony, punishable by imprisonment in the state prison for life, or for any term of years.

Mich. Comp. L. § 750.89. The elements of that offense are: (1) an assault, (2) an attempt to rob, (3) while armed. *See People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863 (2003).

Applying the *Blockburger* test and considering the plain language of the state statutes, it is evident that the offenses of bank robbery and assault with intent to rob while armed each contain an element that the other does not. Bank robbery requires proof that the defendant intended to rob from a bank, safe, vault, or other depository, while assault with intent to rob while armed requires proof that the defendant was armed with a weapon or instrument used as a weapon. Because the statutes at issue contain distinct elements, Petitioner's convictions for both

5

bank robbery and assault with intent to rob while armed do not violate double jeopardy. He is thus not entitled to habeas relief on this claim.

C. Sentencing Claim

Petitioner also asserts that he is entitled to habeas relief because his sentencing guidelines were scored erroneously and he was sentenced on the basis of inaccurate information. Specifically, Petitioner alleges that the trial court improperly scored Offense Variable 9 at 10 points for multiple victims when there was only evidence of one victim.

As an initial matter, the Court notes that Petitioner's bank robbery and assault sentences of 10 to 20 years imprisonment are within the statutory maximums of life imprisonment. *See* Mich. Comp. L. §§ 750.531; 750.89. A sentence imposed within the statutory limits is not generally subject to habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *See Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000).

Furthermore, any claim that the sentencing guidelines were incorrectly scored under state law fails to state a claim upon which habeas relief can be granted because it is basically a state law claim. *See Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001); *Cook*, 56 F. Supp. 2d at 797. It is well-established that federal habeas relief does not lie for perceived errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). State courts are the final arbiters of state law and the federal courts will not intervene in such matters.

*See, e.g., Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987). Habeas relief is not warranted on Petitioner's state law sentencing claim.

A sentence may violate due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *See Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the allegedly false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992).

Petitioner has made no such showing. The record reveals that Petitioner agreed to a sentencing guideline range of 135 to 450 months imprisonment during the plea process. Additionally, the trial court considered the facts of the crime, the plea agreement, and the pre-sentence reports at sentencing. Petitioner had an opportunity to contest the accuracy of the reports, the scoring of the offense variables and guidelines, and other sentencing factors during the plea and sentencing proceedings. Petitioner has not shown that the trial court relied upon

materially false or inaccurate information in imposing his sentence.[1] Habeas relief is not warranted on this claim.

III.  Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: May 28, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 28, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[1] Two sentencing information reports for the bank robbery are included in the Michigan Court of Appeals records filed with this Court. One report scores OV9 at 10 points and one indicates that OV9 was originally scored at 10 points, then changed to zero points (with the total OV score switched from 55 to 45). If OV9 was in fact scored at zero points, then Petitioner's claim is belied by the record. The Court need not resolve this issue, however, as Petitioner is not entitled to federal habeas relief on this claim in either event.